John W. Winn was born in Muskingum County, Ohio, March 4, 1855. In 1857 his parents moved to Vinton County, this state, where he lived till January 1, 1865, when he came with them to Defiance County, residing during his youthful days in Milford and Washington Townships.

He began to teach school at the early age of 16 and continued to do so from time to time until he opened a law office in Defiance in 1882, with K. V. Haymaker, as his partner.

He began his legal studies with Hardy & Johnson of this city in 1878, entered the Cincinnati Law School in 1880, and was admitted to the bar April 5, 1881.

September 4, 1881, he intermarried with Charlotte M. Yeagley, of Farmer Township. The widow and the five children born of this marriage still survive.

The partnership of Haymaker & Winn continued two years.

Mr. Winn served two terms as prosecuting attorney from January 1885 to January 1891, and made an enviable reputation as a successful prosecutor.

In the fall of 1891 he was elected a member of the lower house of the general assembly and was re-elected in 1893. His Democratic colleagues were so well pleased with his services he was chosen as their leader during his second term.

He also served with ability and distinction in the constitutional convention of 1912.

In February, 1897, when Judge Fred L. Hay retired from the Probate office, Mr. Winn and he formed a partnership under the name of Winn & Hay which continued till the latter went on the Common Pleas Bench in 1913. The former then practiced alone until December, 1917, when he formed a partnership with Mirl A. Goller, under the firm name of Winn & Goller, which lasted till dissolved by the death of the senior member, August 20, 1927.

Mr. Winn was a charter member of W. S.

Hancock Lodge No. 207, Knights of Pythias of Defiance, instituted March 15, 1886. He served as the executive head of the Grand Lodge of Ohio of this order from June 1897 to June 1898. For several years thereafter he was a trustee of the K. of P. Orphans' Home at Springfield, Ohio, till he resigned to accept the office of represetntative to the Supreme Lodge. He was also an honored member of Defiance Lodge of Elks.

The able services of our late brother in the general assembly and constitutional convention, as well as in the position of Grand Chancellor of Ohio Pythians, give him a state-wide reputation as a popular orator and leader both in the political and fraternal world.

It was, however, in the legal forum that he won his greatest honors. For forty-five years he was an able, active, distinguished member of our local bar, always the same alert, hard-fighting, resourceful brilliant trial lawyer. His reputation as a skillful criminal lawyer often called him into distant states.

In private life he was a devoted friend and a loving husband and father.

In his passing Defiance County has lost one of its most distinguished citizens and our bar one of its ablest and best loved members.

Therefore, be it resolved by the Defiance County Bar Association, that this memorial be adopted; that the Court of Common Pleas be asked to enter the same upon its journal and that a copy thereof be sent to the family of the deceased, to the Ohio Law Bulletin and Reporter and to the Ohio Law Abstract and Digest.

FRED L. HAY,
GEORGE D. SIMMONS,
R. H. SUTPHEN.
Committee.

---

### No. 661

### UNIVERSITY HEIGHTS (VIL.) et v. CLEVELAND JEWISH ORPHAN'S HOME

U. S. Court of Appeals, 6th Circuit, July 15, 1927

**1295. ZONING ORDINANCE—Zoning ordinance held unreasonable.**

Zoning ordinance of the Village of University Heights, a suburb of the City of Cleveland, applied by Planning and Zoning Commission to prevent building of orphanage by the Cleveland Jewish Orphan's Home, the proposed orphanage to be built upon the cottage plan, held unreasonable.

---

### No. 662

### WESTFALL v. UNITED STATES

U. S. Court of Appeals, 6th Circuit, June 7, 1927.

**333. CRIMINAL LAW—288 Conspiracy—Conspiracy to commit crime different offense from crime that is object of conspiracy.**

Conspiracy to commit crime different offense from crime that is object of conspiracy, and if conspirators are separately punishable for both conspiracy and substantive offense, the fact that one was incapable of independently committing such offense cannot avoid application of established doctrine.